**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4573

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAULITO SALAZAR-ACUNA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Lacy H. Thornburg, District Judge.  (CR-00-212)

Submitted:  July 28, 2006              Decided:  August 16, 2006

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paulito Salazar-Acuna pled guilty to conspiracy to possess with intent to distribute and distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). He was sentenced to 168 months of imprisonment. The Government has moved to dismiss Salazar-Acuna's appeal based upon a waiver of appellate rights in his plea agreement.

In his plea agreement, Salazar-Acuna waived his right to contest either the conviction or sentence in any direct appeal or post-conviction proceeding, except for claims of ineffective assistance of counsel and prosecutorial misconduct. Salazar-Acuna first argues that his waiver of appellate rights was not knowing and voluntary. We review the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the colloquy under Federal Rule of Criminal Procedure 11, the waiver is both valid and

- 2 -

enforceable.  Wessells, 936 F.2d at 167-68.  We conclude that the waiver was informed and voluntary.

Because ineffective assistance of counsel claims fall outside the scope of the waiver in this case, we deny the Government's motion to dismiss.  We conclude, however, that Salazar-Acuna waived the right to proceed on his claim that the court erred in denying him a reduction under the safety valve provision of the guidelines.  We therefore dismiss this portion of the appeal.

With respect to Salazar-Acuna's claims of ineffective assistance of counsel, such claims are generally not cognizable on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000).  See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  An exception exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Our review of the record leads us to conclude that any deficiencies in counsel's performance are not conclusively demonstrated.

Accordingly, we dismiss the appeal in part and affirm in part.  We further grant the Government's motion to strike portions of the joint appendix.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>